## CONLON v. KELLY et al.

(Supreme Court, Appellate Division, First Department. March 11, 1910.)

DOWER (§ 115*)—REMEDIES OF WIDOW—CONCLUSIVENESS AND EFFECT OF JUDGMENT.

Where the judgment awarding dower and the order appointing a receiver of the property remain unrevoked, the fact that the widow claims the property absolutely under a subsequently found deed does not justify the receiver in refusing to pay the widow rents and profits according to the judgment.

[Ed. Note.—For other cases, see Dower, Dec. Dig. § 115.*]

Appeal from Special Term, New York County.

Action by Eva K. Conlon against Mary Ann Kelly and others. From an order directing the receiver of property to pay money to plaintiff as rents and profits of leased premises, plaintiff appeals. Reversed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Frederic J. Swift, for appellant.
George V. Grainger, for respondents.

SCOTT, J. Appeal from an order denying motion to direct receiver to pay over a part of rents and profits. The appellant is the widow of John P. Conlon, who died seised and possessed of three pieces of improved real estate in the city of New York, to wit, Nos. 321 West Sixteenth street, 39 Mott street, and 121 Worth street. He left a will, in which he appointed one Michael J. Dwyer his executor, with power of sale, but made no provision for his widow. She began this action for the admeasurement of her dower, which resulted in a final judgment, dated September 5, 1900, whereby it was held that plaintiff was entitled to dower in said real estate, that a distinct parcel of said real estate could not be admeasured and laid off without material injury to the interests of the parties, and that a physical division was impossible. The decree thereupon declared the amount of the gross and net income derived from each of the parcels, and found that

the net income from the Worth street property was $2,070.40 per annum, and the total net income from all the property was $4,514.44. It was therefore ordered that the executor should pay to plaintiff annually one-third of the total net income, amounting to $1,504.81. It was provided that the amount to be paid might be increased or diminished by the court in case of any material change in the net annual income of the property.

On August 1, 1902, in consequence of the death of the executor and a dispute as to the ownership of the property, a receiver was appointed of the property for the purpose of carrying into effect the judgment in the dower action. He was directed to lease the premises and collect the rents, and to pay the plaintiff the sum directed to be paid her annually in satisfaction of her dower. In June, 1907, the executrix of the executor named in the will of John P. Conlon, deceased, acting under what was assumed to be the power of sale contained in the will of said Conlon, sold the Sixteenth street and Mott street properties, and on March 8, 1908, the receiver was discharged in so far as those properties were concerned, leaving the appellant to the remedies provided by the Code of Civil Procedure, or to such other remedies as might be available to secure her dower interest in those properties. The receiver, however, still continues in possession, under the order appointing him, of the Worth street property, and as to that property he still remains directed to pay appellant one-third of the net income.

The objection to the payment to her rests upon the fact that she now claims to be the owner in fee of said Worth street property under a deed from her husband discovered since the final judgment in the dower action. It is said that it is inconsistent for her to claim dower in one breath and absolute ownership in the other. The inconsistency is obvious; but it affords no answer to the present motion, for in any event the appellant is entitled to as much of the income as she now asks to be paid. It is sufficient to say that the judgment in the dower action and the order appointing the receiver still stand unrevoked, so far as concerns the Worth street property, and that under them the appellant is entitled to the payment for which she asks.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs; said costs to be paid by the receiver out of the rents in his hands other than the sums directed to be paid to the appellant. All concur.